UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARRISE M. DEVESTERN,**

        **Plaintiff,**

v.                                                        **Case No:  6:13-cv-462-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

The Plaintiff Charrise M. Devestern (the "Claimant") brings this action pursuant to the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for disability benefits.  Doc. No. 1.  Claimant alleges a disability onset date of June 1, 2007, and she is insured for benefits through March 31, 2011.  R. 21.  Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) giving great weight to the July 21, 2011 opinion, of a non-examining psychologist, Dr. Yamir Laboy, but failing to discuss or adopt Dr. Laboy's opinion that Claimant is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms; 2) failing to discuss or make findings about the side-effects of Claimant's medications; and 3) failing to account for Claimant's moderate limitations in maintaining concentration, persistence or pace in the ALJ's residual functional capacity assessment ("RFC") or in the hypothetical question to the vocational expert.  Doc. No. 17 at 1-16.  For the reasons set forth below, the Commissioner's final decision is **REVERSED and REMANDED** for further proceedings.

I. **ANALYSIS.**

The dispositive issue in this case is the ALJ's handling of Dr. Laboy's July 21, 2011, non-examining mental RFC ("MRFC") opinion.  R. 435.  Claimant maintains that the ALJ erred because even though she gave the opinion great weight, it contains a significant limitation, *i.e.*, a moderate limitation in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms, which the ALJ failed to address or adopt in the ALJ's ultimate RFC.  Doc. No. 17 at 8-11.  The Commissioner argues that the ALJ did not err because Dr. Laboy's ultimate opinion is consistent with the ALJ's RFC.  Doc. No. 18 at 5-7.

The ALJ's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.  *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).  The Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Weighing the opinions and findings of treating, examining, and non-examining physicians

is an integral part of the ALJ's sequential evaluation process for determining disability.  In cases like this one, involving the ALJ's handling of the medical opinions, "substantial-evidence review . . . involves some intricacy." *Gaskin v. Commissioner of Social Security*, 533 Fed.Appx. 929, 931 (11th Cir. Aug. 14, 2013) (unpublished).[1]  In *Winschel v. Commissioner of Social Security*, 631 F.3d 1176, 1178-79 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite his or her impairments; and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  The Eleventh Circuit stated that "'[i]n the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1178-79 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error).

On July 21, 2011, Dr. Yamir Laboy, a psychologist, completed a MRFC based upon a records review.  R. 433-35.  A MRFC is a form that contains a series of check boxes in Section I and, in Section III, the doctor provides his or her functional capacity assessment.  *See* R. 433-35.  Section III of the MRFC constitutes the doctor's medical opinion.  *See Jones v. Comm'r of Soc. Sec.,* 478 Fed.Appx. 610, 612 (11th Cir. 2012) (unpublished) (Section III contains medical opinion); *Land v. Comm'r of Soc. Sec.*, 494 Fed.Appx. 47, 49-50 (11th Cir. 2012) (unpublished)

---

[1] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

(stating that checking the box in Section I of a mental RFC assessment form does not indicate the degree and extent of the limitation but rather is an aid before the doctor renders his or her RFC determination in Section III).  Dr. Laboy opined, in part, that Claimant "may evidence some moderate difficulty . . . completing a normal workday or week free from interruptions from psychological [symptoms]." R. 435.

In the decision, the ALJ does not discuss any particular aspect of Dr. Laboy's opinion, but states:

> Great weight is given to [Dr. Laboy's MRFC] because it is well supported by the medical evidence of record.  This assessment, although dated in July 2011, reflects that for the period at issue, the claimant had no more than a moderate limitation of function in any domain of functioning based upon the record as a whole at the time of the evaluation.  Furthermore, subsequent credible and relevant evidence is not inconsistent with these findings.

R. 28.  Thus, the ALJ gave "great weight" to Dr. Laboy's opinion because it is well supported by the medical evidence of record, including subsequent unspecified evidence that the ALJ found "credible and relevant."  R. 28.

With respect to Claimant's non-exertional mental impairments, the ALJ determined that Claimant retains the RFC for "simple, routine and repetitive tasks performed in a work environment free of fast-paced production requirements involving only simple work-related decision and routine work place changes.  The claimant is limited to a workplace environment that isolated from the public with only occasional supervision and only occasional interaction with co-workers."  R. 23.  On its face, the ALJ's RFC does not account for a moderate limitation in completing a normal workday or workweek without interruptions from psychological symptoms. *Compare* R. 23 *with* R. 435.  Moreover, the ALJ never articulates why, if she gave Dr. Laboy's opinion great weight, she did not include or account for such a limitation in the RFC.  R. 28.  It could be that the ALJ rejected that portion of Dr. Laboy's opinion, but without the ALJ articulating

her reasons for doing so, the Court cannot determine if it is supported by substantial evidence. *See Winschel*, 631 F.3d at 1179 ("It is possible that the ALJ considered and rejected these two medical opinions, but without clearly articulated grounds for such a rejection, we cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence.").

Dr. Laboy's opinion that Claimant is moderately limited in the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms is significant because "only an ability to do full-time work will permit the ALJ to render a decision of not disabled." *Kelley v. Apfel*, 185 F.3d 1211, 1214-15 (11th Cir. 1999). While the Commissioner correctly points out that other aspects of Dr. Laboy's opinion are substantially similar to the ALJ's ultimate RFC, a moderate difficulty completing a normal workday or workweek is clearly a more restrictive limitation that those contained in the ALJ's RFC. Doc. No. 18 at 5-7; R. 23.[2] Without the ALJ articulating her consideration of that aspect of Dr. Laboy's opinion, the Court concludes that the final decision is not supported by substantial evidence. *See Conyers v. Commissioner of Social Security*, 6:11-cv-701-Orl-37DAB, Doc. No. 19 at 12-13 (M.D. Fla. May 24, 2012) (error for ALJ to give great weight to non-examining opinion but fail to discuss moderate limitation in ability to complete normal workday and workweek without interruptions from psychological symptoms).[3]

---

[2] It is for the ALJ, not the Court, to properly weigh and resolve conflicts in the evidence. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (court may not reweigh the evidence or substitute its opinion for that of the Commissioner).

[3] Due to the ALJ's error with respect to Dr. Laboy's opinion, the case must be reversed and remanded for further proceedings. On remand, the ALJ will necessarily have to reconsider all of the evidence and make a new RFC determination. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983). Accordingly, it is unnecessary to determine whether the ALJ also erred with respect to Claimant's side-effects of medication or in the hypothetical question to the VE.

**II.     CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to entered judgment in favor of the Claimant and against the Commissioner; and

3. The Clerk is directed to close the case.

DONE and ORDERED in Orlando, Florida on March 12, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Richard A. Culbertson
Suite E
3200 Corrine Drive
Orlando, FL 32803

John F. Rudy, III
Suite 3200
400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Douglas Wilson, Branch Chief
Melanie N. Williams, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Melissa Hart

Administrative Law Judge
C/o Office of Disability Adjudication and Review
SSA ODAR
Desoto Bldg, Suite 400
8880 Freedom Crossing Trail
Jacksonville, FL 32256-1224